Johnson, J.
delivered (he. opinion of the Court.
The Court is not disposed to investigate the correctness of the order of the Circuit Court, on the application of the defendant for a continuance. That was a matter of discretion. The only question, therefore, which remains to be considered is, whether the plaintiff’s replication to the defendant’s plea of the statute of limitations, is, in law, a sufficient answer to the. plea.
The only saving m our statute of limitations in favor of nonresident plaintiffs is, that if, at the time of the cause of action, given, or accrued, they shall be beyond the seas, they shall be at liberty to bring their action, at any time within four years af.ter the ratification of the act, or at any time within five years after the cause of action given or accrued, and at 110 time after. P. L. 102 -3.
The facts stated in the replication are, that the note on which the action is brought, was made in Richmond, Virginia ; that the plaintiff then resided, and still continues to reside there ; that the defendant removed to this rítate before the. note became due; and that the plaintiff was ignorant of his place of residence until within five years next before the bringing of the action.
It is apparent, that the case, stated in the replication, is not one covered by the saving in the statute, and the Court is not at liberty to substitute any other. The Statute, of 21 James, 1. ch. 1, from which our own is very nearly copied, contains a saving in sec. 7, in favour of persons plaintiffs, who are beyond the seas at the time the action accrued, and. which prevents its operation until their return. The statute of limitations of New-York, and it is said of all the other States, except our own, *369 contains a similar provision ; and. the necessity for it is so obvious, that it is matter of surprise, that it was overlooked by the framers of our statute, and still more, that subsequent Legislatures have not provided a remedy. We are not informed of the particulars of this case, except as they appear from the pleadings : but it is not difficult to conceive of a case, in which an unprincipled debtor might, in despite of the efforts of a creditor, elude his pursuit for five years, and at the expiration of that period, turn upon him in mockery of his pursuit; and provision ought to be made for such a case. But that belongs to the Le-gislaiure, and not. to this Court.
The verdict must, therefore, be set aside, and the judgment on demurrer is reversed, with leave, however, to the plaintiff, to answer over if she thinks proper.
Motion granted.